IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE GRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:12cv645-CSC |
| | ) | (WO) |
| SL ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Grace Grice ("Grice") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., against her former employer, SL Alabama LLC, alleging that she was discriminated against on the basis of her race and gender.  She contends that she applied for but was not hired for positions as Material Handler.  She further asserts that she was told she could not have the position of Material Handler because she was female and the job on the second shift entailed heavy lifting. According to Ms. Grice, she filed an internal complaint of race and sex discrimination over the Material Handler jobs on June 6, 2011.  On June 23, 2011, she was fired for "allegedly cursing a black male co-worker" who also cursed at her.  The defendant describes the altercation as a profanity-laced tirade.  Grice contends that she was fired while the black co-worker was not fired and that other black employees who have also engaged in verbal altercations were not fired.

The court has jurisdiction of the plaintiff's claims pursuant to its federal question

jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is the plaintiff's motion to compel (doc. # 17) filed on February 12, 2013. The plaintiff contends that the defendant waived any objections to the discovery requests by failing to object to her interrogatories and requests for production of documents in a timely manner. According to the plaintiff, responses to her discovery requests were due in November, but the defendant did not respond until December 19, 2012, and at that time, raised objections. In response to the motion to compel, the defendant asserts that because he communicated with plaintiff's counsel, and his failure to respond was not done in bad faith, he established good cause to excuse any untimeliness.

Pursuant to FED.R.CIV.P. 33(b)(2), a party has thirty (30) days to respond to discovery requests and raise any objections. In addition, FED.R.CIV.P. 33(b)(4) requires that any "grounds for objecting in an interrogatory must be stated with specificity." In objecting to the discovery requests, the defendant recites the standard objections that the discovery requests are over broad, not limited in time or scope, and are not reasonably calculated to lead to admissible evidence. "Defendant's mere recitation of buzz words – without any further explanation – is insufficient to meet the requirements of Fed. R. Civ. P. 33(b)(4)." *Hatfield v. A+ Nursetemps, Inc.*, 2012 WL 1326120, * 2 (M.D. Fla. Apr. 17,

2

2012) (No. 5:11-cv-416-OC-10TBS).  "Any ground not stated in a timely objection is

waived unless **the court, for good cause, excuses the failure**."  FED.R.CIV.P. 33(b)(4)

(emphasis added).

> All objections are deemed waived by defendant's failure to respond timely
> to the discovery requests. *See* Fed.R.Civ.P. 33(b)(4) ("Any ground not stated
> in a timely objection [to interrogatories] is waived unless the court, for good
> cause, excuses the failure."); *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 74
> (7th Cir.1992) (party "waived any objection to production by failing to object
> when disclosure was due"); *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d
> 8, 10, 12–13 (1st Cir.1991) (objections to requests for production were
> waived by failure to make timely objections); *McLeod, Alexander, Powell &
> Apffel v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990) (vague objections
> lacking in specificity held invalid); *In re United States,* 864 F.2d 1153, 1156
> (5th Cir.1989) ("[A]s a general rule, when a party fails to object timely to
> interrogatories, production requests, or other discovery efforts, objections
> thereto are waived."); *accord Autotech Techs. Ltd. P'ship v.
> Automationdirect.Com, Inc.,* 236 F.R .D. 396, 398 (N.D.Ill.2006);
> *Brown–Stahlman v. Charter Trust Co.,* No. 04–CV–322–SM, 2006 WL
> 680874, at *1 (D.N.H. Mar. 16, 2006); *Banks v. Office of Senate
> Sgt.–at–Arms,* 222 F.R.D. 7, 21 (D.D.C.2004).

*Brumfield v. Dodd*, 2013 WL 360572, *3 (E.D.La. Jan. 30, 2013) (NO. CIV.A. 71-1316)

The court concludes that the defendant has waived objections to the discovery

requests by failing to object in a timely and specific manner.  Notwithstanding that failure,

the court nonetheless will exercise its authority to control discovery, *see Josendis v. Wall

to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011), and will disallow

some requests.  Accordingly, it is

ORDERED as follows:

1.      The motion to compel responses to interrogatories 1 and 2 be and is hereby

GRANTED.

2.     The motion to compel a response to interrogatory 3 be and is hereby DENIED as the interrogatory is not specific and over broad.

3.     The motion to compel responses to interrogatories  4 and 5 be and is hereby GRANTED to the extent that the defendant is required to provide the information requested that has not already been provided to the plaintiff.

4.     The motion to compel a response to interrogatory 6 be and is hereby GRANTED.  The defendant's response that no EEOC complaints have been filed against shift supervisors Roland Brooks and Valisha Pouge is simply non-responsive to the interrogatory.

5.     The motion to compel requests for production of documents 1, 2, 3, 4 and 5 be and is hereby GRANTED in part and denied in part.  The defendants shall produce the personnel files requested; provided, however, that no payroll, financial or medical information contained in the personnel files shall be produced.

6.     The motion to compel requests for production of documents 7 and 19 be and is hereby GRANTED.

7.     The motion to compel requests for production of documents 8 and 9 be and is hereby GRANTED to the extent that the defendant shall produce documents concerning any employee who was disciplined for using profanity, engaging in verbal or physical altercations, being insubordinate, or otherwise causing a disturbance in the workplace from

4

January 1, 2008 until present.  The defendant shall produce the personnel file of any disciplined employee, provided, however that no payroll, financial or medical information contained in the personnel file shall be produced.

8.     The motion to compel request for production of documents 10 be and is hereby DENIED without prejudice.  The plaintiff is granted leave to refile the motion to compel with respect to this request if, after reviewing the other information ordered produced, the  information requested has not been provided.

9.     The motion to compel requests for production of documents 15 and 16 be and is hereby DENIED. The defendant is DIRECTED to serve a privilege log on the plaintiff within fourteen (14) days of the date of this order.

It is further

ORDERED that the plaintiff's motion to amend or correct her motion to compel (doc. # 20) be and is hereby GRANTED.

Done this 5th day of March, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE