IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GRACE GRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:12cv645-CSC |
| | ) |
| SL ALABAMA, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendant's motion for reconsideration of the court's denial of its motion for leave to file supplement to motion for summary judgment (doc. # 37) filed on July 26, 2013. For the reasons that follow, the court concludes that the motion for reconsideration (doc. #37) is due to be denied.

On September 26, 2012, the court entered a scheduling order setting a dispositive motion deadline and a deadline to complete discovery. (Doc. # 11). On May 28, 2013, the defendant sought an extension of the dispositive motion deadline based on the plaintiff's deposition which was set for May 30, 2013. *See* Doc. # 23. The court granted the defendant's motion and extended the deadline for filing dispositive motions from May 28, 2013 until June 24, 2013. On June 24, 2013, the defendant filed a motion for summary judgment in which it asserts that it is entitled to summary judgment because the plaintiff cannot "establish that she was treated less favorably than any similarly situated employee outside of his (sic) protected class." (Doc. # 26 at 12, 18) The defendant also argues that it has presented a legitimate, nondiscriminatory reason for Grice's termination, and that Grice has failed to demonstrate that the reason was

pretextual.  (*Id*. at 14-17).

On July 9, 2013, the plaintiff filed her response in opposition to the defendant's motion for summary judgment.  (Doc. # 28 & 29).  On July 11, 2013, the defendant filed its motion for leave to file a supplement to the motion for summary judgment.  In the motion, the defendant sought to raise a new ground for summary judgment and sought to submit new evidentiary material.  (Doc. # 30).  In the motion to supplement (doc. # 30) and the motion for reconsideration (doc. # 37), the defendant contends that because Grice applied for and received Social Security disability benefits, she cannot establish a *prima facie* case of discrimination.  The defendant asserts that it should be permitted to present this argument and evidence at this late date because the evidence is "newly discovered."  (Doc. # 30 at 20).  According to the defendant, the documentation from the Social Security Administration reflects a disability onset date of July 23, 2011 which precludes the plaintiff from demonstrating that she was qualified for her job when she was terminated from it.  (Doc. # 37 at 3-5).

Undoubtedly, the defendant did not discover that the plaintiff was receiving social security disability benefits until her deposition on May 30, 2013.  However, the defendant had ample time to conduct discovery prior to that date and the dispositive motion deadline.  The fact that the defendant waited until the eleventh hour to take the plaintiff's deposition does not justify permitting it to raise a new argument and present new evidence in a reply brief.

More importantly, however, the evidence the defendant seeks to present is, at this juncture, immaterial.  The defendant asserts that the "Plaintiff applied for, and was awarded, Social Security disability benefits as of the date of her termination based upon her inability to

2

work." (Doc. # 37 at 5).  A review of Grice's application for supplemental security income benefits demonstrates a disability onset date of July 23, 2011.  (Doc. # 37, Ex. C at 1 & 7; Ex. D).  The undisputed evidence before the court establishes that Grice was terminated on **June 23, 2011**, one month before her disability onset date.  The evidence presently before the court demonstrates that Grice was qualified for her position and performed her work well during the entire time she worked for SL Alabama. Furthermore, "[a]ny events or actions taken prior to [July 23, 2011], that are subjects of discrimination claims are not barred, as the Social Security Administration had not found Ms. [Grice] disabled before that date."  *Brewer v. Petroleum Suppliers, Inc.*, 946 F.Supp. 926, 931 n.5 (N.D. Ala. 1996).  Consequently, at this juncture, Grice's application for and award of social security disability benefits do not preclude her from pursuing her discrimination and retaliation claims.  Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the motion for reconsideration (doc. # 37) be and is hereby DENIED.

Done this 29th day of July, 2013.

                                                    /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE